MICHAEL S. MEZA
Attorney at Law
333 City Blvd., West 17th Floor
Orange, California 92868
e-mail: mmezalaw@aol.com
Telephone (714) 564-2501

Attorney Bar No. 068366

Attorney for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  CR 99-83(A)-DOC |
| | ) | |
| Plaintiff, | ) | SUPPLEMENTAL POINTS AND |
| | ) | AUTHORITIES RE: MOTION TO |
| vs. | ) | WITHDRAW GUILTY PLEA; |
| | ) | SUPPLEMENTAL DECLARATION OF |
| | ) | CRISPIN ALVIDREZ |
| | ) | |
| | ) | |
| CRISPIN ALVIDREZ, | ) | |
| | ) | DATE: August 18, 2008 |
| Defendant. | ) | TIME: 1:30 p.m. |
| _____ | ) | CTRM: JUDGE CARTER |

Defendant, CRISPIN ALVIDREZ, by and through his attorney
of record, Michael S. Meza, hereby files his supplemental
brief in support of his Notice of Motion and Motion to
Withdraw Plea of Guilty; Memorandum of Points and
Authorities; Declaration of Crispin Alvidrez, filed on May
16, 2006 by prior counsel Larry M. Bakman ("Bakman Motion").

///

///

1

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . .    3
POINTS AND AUTHORITIES . . . . . . . . . . . . . . . .    4
INTRODUCTION . . . . . . . . . . . . . . . . . . . . .    4
ARGUMENT . . . . . . . . . . . . . . . . . . . . . . .    5

**C.   NEW DISCOVERY IN THE CASE WAS EXPOSED**
       **AFTER DEFENDANT ACCEPTED THE PLEA AGREEMENT.** . . . . .    5
       1. NEW EVIDENCE RELATING TO THE
          ATTEMPTED MURDEROF JOHN TURSCAK
          (EASTER SHOOTING). . . . . . . . . . . . . .    7

       2.   NEW EVIDENCE RELATING TO
            THE MONTEBELLO MURDERS. . . . . . . . . . .    9

       3.   NEW EVIDENCE RELATING TO CONSPIRACY
            TO MURDER JESSE DETEVIS ("SHADY"). . . . . . . 11

       4.   NEW EVIDENCE RELATING TO CONSPIRACY
            TO MURDER LORENZO LOPEZ ("SHARKEY"). . . . . . 12

**D.   DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL. 12**

       1.   TRIAL COUNSEL'S FAILURE TO CONSIDER
            AND DISCUSS PLAUSIBLE DEFENSES. . . . . . . . 13

            a. PLAUSIBLE DEFENSES OF ENTRAPMENT OR DURESS. .   13

            b. EXCULPATORY EVIDENCE WHICH RAISES
               OTHER PLAUSIBLE DEFENSES. . . . . . . . . .   15
.

**E.   DEFENDANT'S GUILTY PLEA TO A "PACKAGE DEAL",**
       **NOT DISCLOSED, TO THE COURT RENDERED HIS PLEA**
       **INVOLUNTARY, UNINTELLIGENT AND UNKNOWING** . . . . . .   16

**F.   AT THE CHANGE OF PLEA COLLOQUY THE DISTRICT COURT**
       **DID NOT INQUIRE SPECIFICALLY ABOUT PRIOR**
       **DISCUSSIONS BETWEEN THE GOVERNMENT AND**
       **DEFENSE COUNSEL WHICH SERIOUSLY AFFECTED**
       **THE FAIRNESS AND INTEGRITY OF THE PROCEEDING.** . . . . . 17

**G.    EVIDENCE OF DEFENDANT'S LEGAL INNOCENCE**
       **IS A FAIR AND JUST  REASON TO WITHDRAW**
       **HIS GUILTY PLEA.** . . . . . . . . . . . . . . . . .   18

DECLARATION OF CRISPIN ALVIDREZ . . . . . . . . . . . .   20

EXHIBITS  . . . . . . . . . . . . . . . . . . . . . . . 23-79

2

1
2

TABLE OF AUTHORITIES

Page

3

STATUES

4
5

Federal Rules of Criminal Procedure, Rule 11 . . . . .   4
Federal Rules of Criminal Procedure,
  Rule 11(d)(2)(B) . . . . . . . . . . . . . . .   17

6

CASES

7

Hill v. Lockhart,
  474 U.S. 52 (1985). . . . . . . . . . . . . . .   13

8
9

United States v. Caro,
  997 F.2d 657 (9th Cir. 1993). . . . . . . . . .   16

10

United States v. Ortega-Ascanio,
  376 F.3d 879 (9th Cir. 2004). . . . . . . . .5,6,16,17

11
12

United States v. Davis,
  428 F.3d 802 (9th Cir. 2005) . . . . . . .4,5,13,16,17

13

United States v. Garcia,
  401 F.3d 1008 (9th Cir. 2005) . . . . . . . . .   5,6

14
15

United States v. Hodge,
  412 F.3d 479 (3rd Cir. 2005). . . . . . . . . .   16

16

United States v. Jimenez-Dominguez,
  296 F.3d 863 (9th Cir. 2002). . . . . . . . . .   18

17
18

United States v. Jones,
  472 F.3d 1136 (9th Cir. 2007) . . . . . . . .4,5,6,16,17

19

United States v. Manarite,
  44 F.3d 1407 (9th Cir. 1995) . . . . . . . . . .   14

20
21

United States v. Moreno,
  102 F.3d 996 (9th Cir. 1996) . . . . . . . . . .   14

22

Strickland v. Washington,
  466 U.S. 668 (1984). . . . . . . . . . . . . .   13

23
24
25
26
27
28

<u>POINTS AND AUTHORITIES</u>

**INTRODUCTION**

Federal Rules of Criminal Procedure ("F.R.C.P."), Rule 11 provides, in pertinent part:

> "**(d) Withdrawing a Guilty . . . Plea**.
>
> A defendant may withdraw a plea of guilty . . .:
>
> **(2)** after the court accepts the plea, but <u>before</u> it imposes sentence if:
>
> **(B)** the defendant can show a fair and just reason for requesting the withdrawal." (Emphasis added).[1]

The Ninth Circuit has made it clear that "[a] defendant may withdraw a guilty plea after a district court accepts the plea but <u>before</u> sentencing if 'the defendant can show a fair and just reason for requesting the withdrawal.'" <u>United States v. Ortega-Ascanio</u>, 376 F.3d 879, 883 (9th Cir. 2004); <u>United States v. Davis,</u> 428 F.3d 802, 805 (9th Cir. 2005); <u>United States v. Jones</u>, 472 F.3d 1136, 1141 (9th Cir. 2007).

The burden of demonstrating such a fair and just reason rests with the defendant; however, the standard is applied liberally. <u>United States v. Ortega-Ascanio</u>, 376 F.3d at 883; <u>United States v. Davis,</u> 428 F.3d at 805; <u>United States v. Jones</u>, 472 F.3d at 1141. [T]he 'fair and just reason' standard is simply more generous that the standard for determining whether a plea was voluntary. <u>United States v.</u>

---

[1]Prior to the December 2002 amendments this rule was found in F.R.C.P., Rule 32(e).

4

Garcia, 401 F.3d 1008, 1012 (9th Cir. 2005).

"Fair and just reasons for withdrawal include inadequate Rule 11 colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." United States v. Ortega-Ascanio, 376 F.3d at 883; United States v. Davis, 428 F.3d at 805; United States v. Jones, 472 F.3d at 1141.

"[A] defendant does not have to prove that his plea was invalid in order to justify withdrawal."  United States v. Davis, 428 F.3d at 807.

"[T]he fact that a plea was voluntary, knowing, and intelligent cannot count against a defendant's attempt to withdraw it prior to sentencing, unless the defendant's *only* asserted 'fair and just reason' for withdrawing the plea is lack of voluntariness itself."  United States v. Garcia, 401 F.3d at 1012.


III. ARGUMENT[2]

**C.  NEW DISCOVERY IN THE CASE WAS EXPOSED AFTER DEFENDANT ACCEPTED THE PLEA AGREEMENT.**

"Fair and just reasons for withdrawal include inadequate Rule 11 colloquies, **newly discovered evidence**, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." (Emphasis added).  United States v.

---

[2]Counsel adopts Mr. Bakman's argument format and exhibit numbering system, Exhibits 1-8.

Ortega-Ascanio, 376 F.3d at 883; <u>United States v. Davis,</u> 428 F.3d at 805; <u>United States v. Jones</u>, 472 F.3d at 1141.

Discovery of relevant new evidence which raises a defense provides a "fair and just" reason for permitting a guilty plea to be withdrawn.

> "While newly discovered evidence wholly unrelated to a defendant's case would surely not entitle him to withdraw his guilty plea, the generous 'fair and just' reason standard does not require that the defendant show that the new evidence exonerates him or that there is a reasonable probability he would not have been convicted had the case gone to trial." <u>United States v. Garcia</u>, 401 F.3d at 1012; <u>United States v. Davis,</u> 428 F.3d at

> "'Where the accused seeks to withdraw his plea of guilty before sentencing, on the ground that he has a defense to the charge, the District Court should not attempt to decide the merits of the proffered defense, thus determining the guilt or innocence of the defendant.'" <u>United States v. Garcia</u>, 401 F.3d at 1011.

That the newly discovered evidence "could have at least <u>plausibly motivated</u> a reasonable person in [defendant's] position not to have pled guilty had he known about the evidence prior to pleading guilty" is sufficient to permit a defendant to withdraw his guilty plea (emphasis added). <u>United States v. Garcia</u>, 401 F.3d at 1011,1012.

In this case, defendant pled guilty to Count 2. The factual predicates, contained in the plea agreement, involved conspiracies to murder Jesse Detevis, aka, "Shady", Lorenzo Lopez, aka, "Sharkey" and John Turscak, aka, "Stranger" and, the three victims of the Montebello murders including Richard Serrano. See Exhibit 1, Plea Agreement For Crispin Alvidrez, "Stipulated Statement of Facts", pps. 10-12.

Trial counsel did not provide defendant with any discovery. Subsequent to his guilty plea, and prior to

sentencing, defendant obtained, from others, copies of some of the discovery and partial transcripts from the trial of his co-defendant Mariano Martinez, <u>United States v. Martinez</u>, SACR 99-83(A)-DOC.  See Bakman Motion, Alvidrez declaration. This new evidence raised defenses to the conspiracy to murder and murder charges as alleged in Count 2, as follows:

1.  <u>NEW EVIDENCE RELATING TO THE ATTEMPTED MURDER OF JOHN TURSCAK (EASTER SHOOTING).</u>

At the time defendant signed his plea agreement (April 25, 2001) and entered his guilty plea (April 26, 2001) he was unaware of the following facts, of which his attorney was aware or should have been aware: that on or about December 19, 2000 John Turscak testified, at the trial of Mariano Martinez[3].  Mr. Tursack's,(the eyewitness victim) testimony exonerates defendant.  That is, Crispin Alvidrez, aka, "Conejo", did not participate in the attempt to murder Mr. Turscak on April 12, 1998 ("Easter shooting") as alleged in Count 2, overt act (1).

a.  <u>TESTIMONY OF COOPERATING GOVERNMENT WITNESSES</u>

The government relies upon the testimony of cooperating witnesses Max Torvisco ("Mono")[4] and Jesus Rochin ("Gizmo")[5]

---

[3]Defendant and Martinez were charged with 22 co-defendants in the First Superseding Indictment in Case No.CR 99-83(A)-DOC.  The matter was severed and resulted in three separate trials, one of which involved Mr. Martinez being tried alone.

[4]Also newly discovered, that government witness Torvisco in 1998, during the time of these events, planned to kill "Martinez and his crew" which Torvisco believed included defendant.  See Exhibit 9 24("Ex. 9-24").

[5]Both witnesses were Alvidrez co-defendants in this case. Subsequent to their arrest and arraignment they both signed cooperation agreements with the government.

to establish in the Easter shooting.  Both cooperating
witnesses testified that they were associates and members of
Mariano Martinez, a Mexican Mafia, crew.[6]  Martinez had
ordered the murder of Turscak ("Stranger"), a rival Mexican
Mafia member.

  After locating Turscak, on Easter, members of the
Martinez crew, including Torvisco and Rochin, attempted to
shoot Turscak in front of his mother's house.  Both Torviso
and Rochin testified that defendant Crispin Alvidrez
("Conejo") was one of the two shooters, the other being
Rochin.  Torvisco testified that the shooters were driving a
green F150 truck.  Rochin testified that he was in a
Chevrolet 2-door truck with camper.  See excerpted testimony
of Torvisco and Rochin attached as Ex. 10-27, 10-30 and Ex.
11-33, 11-36, respectively.

b. <u>STATEMENTS OF VICTIM TURSCAK</u>

i. <u>Identity of Shooters</u>

  The eyewitness-victim, Turscak, testified that government
witnesses Torvisco and Rochin were the two shooters.  He also
testified that "Conejo from VNE" was the driver".  See
excerpted testimony of Turscak attached as Ex. 12-39.
However, the "Conejo" he identified is not defendant, but,
rather Richard Christopher Torres who Turscak identifies as
"Conejo from VNE".  See Turscak January 22, 1999 F.B.I. 302
attached as Ex. 13-44.

---

[6]Torvisco testified that, prior to his association with Martinez,
he was a member of Varrio Nuevo Estrada ("VNE").

8

ii. <u>Identity of Vehicle Driven by Shooters</u>

Turscak testified that the shooters, Torvisco and Rochin, were in a "grey or silver Toyota Four-Runner".  See Ex. 14-45.

Had defendant known of victim Turscak's exculpatory evidence, clearly demonstrating defendant's actual innocence, prior to pleading guilty, it is not only plausible, but a certainty, that he would not have pled guilty.  Counsel's failure to review the discovery, consider and discuss potential defenses with defendant is clearly sufficient to permit him to withdraw his guilty plea.

2. <u>NEW EVIDENCE RELATING TO THE MONTEBELLO MURDERS.</u>

At the time defendant signed his plea agreement (April 25, 2001) and entered his guilty plea (April 26, 2001) he was unaware of the following facts, of which his attorney was aware or should have been aware: evidence that Rudy Rosales ("Rosales") was the sole shooter in the Montebello triple murders.[7]

On November 11, 1998 at approximately 5:00 p.m. three persons, including Richard Serrano, were shot to death at American Performance, a Montebello auto body shop.  On the morning of November 11th Rosales borrowed a car.  At that

_____

[7]Additional new evidence, discovered after defendant entered his guilty plea but before he was sentenced: that Serrano was an informant for the California Bureau of Narcotics Enforcement ("BNE")and expressed fear for his safety as a result (Ex. 15-49), that Detevis and Carlos Aguilar planned to murder Serrano (Ex. 16-54), and, that Ron Moreno, prosecution eye-witness to the Montebello murders, owned American Performance and was the target of a DEA/BNE investigation in which Serrano was an informant (Ex. 17-55).

9

time Rosales stated that "maybe he would roll somebody for some money."  At approximately 5:00 p.m. Rosales, returning a telephone call regarding return of the car, stated that he just killed three people in Montebello and that he would not hesitate to do the same thing to the caller.  See Ex. 18-57 statement of Denise Hammit.

In addition, also present at the auto shop was Mark Knutson ("Knutson").  Mr. Knutson was also shot but survived. One suspect was described as wearing a blue hooded sweat shirt.  Subsequently, Knutson was shown a photo line up which included the photo of Rosales.  Knutson picked out the photo of Rosales, as well as one other, indicating that they closely resemble the shooting suspect.  See Ex. 19-58.

Lastly, on the day of the shooting Rosales was arrested as a suspect in the Montebello murders.  His bedroom was searched and a blue hooded sweatshirt was recovered. See Ex. 20.[8]

Had defendant known of the Rudy Rosales exculpatory evidence, clearly demonstrating defendant's actual innocence, prior to pleading guilty, it is not only plausible, but a certainty, that he would not have pled guilty.  Counsel's failure to review the discovery, consider and discuss potential defenses with defendant is clearly sufficient to permit him to withdraw his guilty plea.

---

[8]"Plausibility" becomes a less speculative exercise knowing that the accused Montebello shooters, Castillo and Jacabo, were acquitted in the Castillo trial, the same trial defendant would have participated had he not pled guilty.

3.   NEW EVIDENCE RELATING TO CONSPIRACY TO MURDER JESSE
DETEVIS ("SHADY").

At the time defendant signed his plea agreement (April
25, 2001) and entered his guilty plea (April 26, 2001) he was
unaware of the following facts, of which his attorney was
aware or should have been aware:

Cooperating witness Torvisco testified regarding a
confrontation which occurred at the Alvidrez garage which he
characterized as a "kidnap attempt", of Javier Alvidrez and
Roland Ontiveros ("Rolo"), on the part of Detevis and
Turscak.  Ex 21-63.[9]

Later that night unknown gunmen shot up defendant's
house.  Newly discovered evidence reveals that Detevis had
ordered the drive-by shooting of defendant's home.
See Ex. 22-66.

Had defendant known of the Detevis' evidence, clearly
raising the issue of self defense to the conspiracy to murder
Detevis, prior to pleading guilty, he would not have pled
guilty.   Counsel's failure to review the discovery, consider
and discuss potential defenses with defendant is clearly
sufficient to permit him to withdraw his guilty plea.

---

[9] Defendant was in his garage working on his motorcycles when
Detevis and Turscak confronted defendant asking for Javier, defendant's
brother, and Rolo, Javier's friend.  Defendant called Javier.  A short
time later Javier and Rolo arrived at the garage. Javier called Torvisco
who arrived shortly thereafter.  It was at this confrontation that
defendant first met Torvisco, Detevis and Turscak.  See Defendant's
supplemental declaration.

11

4.   <u>NEW EVIDENCE RELATING TO CONSPIRACY TO MURDER LORENZO</u>
<u>LOPEZ ("SHARKEY").</u>

     At the time defendant signed his plea agreement (April
25, 2001) and entered his guilty plea (April 26, 2001) he was
unaware of the following facts, of which his attorney was
aware or should have been aware:  According to Torvisco,
Martinez planned on killing Lopez on the day he, Lopez, was
released from the Los Angeles County Jail ("LACJ").  On the
day of Lopez's release Martinez sent teams of his crew
members to murder Lopez as he left the LACJ.  Torvisco
testified that "I kinda recall it being like Alvidrez and
them.  But I can't really say it was them."  See Ex. 23-70.

     Had defendant known of this exculpatory evidence of non-
participation in the conspiracy to murder Lopez, prior to
pleading guilty, it is not only plausible, but a certainty,
that he would not have pled guilty.  Trial counsel's failure
to review the discovery, discover and discuss potential
defenses with defendant is clearly sufficient to permit him
to withdraw his guilty plea.


**D.   DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.**

     Counsel respectfully disagrees with Mr. Bakman's
position as to the showing required to establish counsel's
ineffective assistance is a "fair and just reason" to
withdraw a guilty plea.  Mr. Bakman argues that, in addition
to establishing that counsel's (Exum) representation fell
below objective an standard of reasonableness the defendant
must also show that he was prejudiced within the meaning of

12

Hill v. Lockhart, 474 U.S. 52,59, 106 S.Ct 366, 88 L.Ed. 2d 203 (1985)and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).

A showing of prejudice is not required if the motion to withdraw the guilty plea is made prior to sentencing. Rule 11(d)(2)(B). Rather, "a defendant may demonstrate a fair and just reason for plea withdrawal by showing that his counsel's [ineffective assistance] plausibly could have motivated his decision to plead guilty." (emphasis added). United States v. Davis, 428 F.3d at 808.

1.   TRIAL COUNSEL'S FAILURE TO CONSIDER AND DISCUSS POSSIBLE DEFENSES.

a. POSSIBLE DEFENSES OF ENTRAPMENT OR DURESS.

At the time defendant signed his plea agreement (April 25, 2001) and entered his guilty plea (April 26, 2001) he was unaware of the following facts, of which his attorney was aware or should have been aware: that, at the times alleged in the indictment, John Turscak and Richard Serrano were government informants.

Government informant Max Torvisco testified that in March 1998 he went to the Alvidez garage to stop a kidnaping attempt by John Turscak and Jessie Detevis. Richard Serrano was also present with Turscak. The confrontation was based upon Serrano telling Turscak that Javier Alvidrez had stolen drug money from Serrano. Turscak was at the Alivdrez garage to collect. See Ex. 21-64. Later that night the Alivdrez

13

home was shot up by Detevis with an AR-15 provided by Serrano.  See Ex. 22-66.

At the time of this kidnap attempt at defendant's garage Turscak was an F.B.I. informant.  See Ex. 24.  Serrano was an informant for the California Bureau of Narcotics Enforcement ("BNE") See Ex. 25.

Up until the date of the kidnap attempt defendant had never met Torvisco ("Mono"), Turscak ("Stranger"), Detevis ("Shady"), or Serrano nor for that matter  Martinez ("Chuy"), Rochin ("Gizmo"), or Lopez ("Sharkey"). See Ex. 26 , Defendant's supplemental declaration.   It was after the date of the garage incident, that defendant inadvertently became involved with the Mexican Mafia, in substantial part by the aggressive and life threatening actions of government informants Turscak and Serrano, with the Mexican Mafia.

Entrapment requires that defendant present "slight" evidence that he was (1) induced to commit the crime by a government agent, and, (2) was not otherwise predisposed to commit the crime.  United States v. Manarite, 44 F.3d 1407, 1417 (9th Cir. 1995).  In this case, it was the agressiv and threatening actions of government informants Turscak and Serrano who drew defendant into the Mexican Mafia web.

Duress requires that defendant show evidence of (1) an immediate threat of death or serious bodily harm; (2) a well-founded fear that the threat will be carried out; and, (3) the absence of any reasonable opportunity to escape the threatened harm.  United States v. Moreno, 102 F.3d 996, 981-82 (9th Cir. 1996).  In this case, it was not only the

aggressive and threatening actions of government informants
Turscak and Serrrano, but also the Detevis ordered shooting
of defendant's home, which drove defendant into the Mexican
Mafia network.

At no time did defense counsel ever discuss with
defendant the possible defenses of entrapment or duress.
See defendant's supplemental declaration.

b.   EXCULPATORY EVIDENCE WHICH RAISES POSSIBLE DEFENSES

As discussed previously, pages 5-10, trial counsel
utterly failed to address, with defendant, any of the
available exculpatory evidence relating to the Easter
shooting, the Montebello murders, the conspiracy to murder
Detevis or the conspiracy to murder Lopez.

Defendant's lack of knowledge of the nature of the
available exculpatory evidence at the time of his guilty
plea, is due solely to defense counsel's ineffective
assistance, i.e., failure to meaningfully communicate, if at
all, with defendant regarding the exculpatory discovery,
which counsel knew or should have known of, and the defenses
it raised.  Defendant relied upon the inexcusably uninformed
advice of counsel that it was in his best interest to plead
guilty.  Trial counsel's total and complete failure to
understand and/or communicate the lack of evidence against
defendant, not only could have plausibly motivated defendant
to plead guilty, counsel's ineffective assistance did, in
fact, motivate defendant to plead guilty.

15

**E.   DEFENDANT'S GUILTY PLEA TO A "PACKAGE DEAL", NOT DISCLOSED, TO THE COURT RENDERED HIS PLEA INVOLUNTARY, UNKNOWING AND UNINTELLIGENT.**

"Fair and just reasons for withdrawal include **inadequate Rule 11 colloquies**, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." (Emphasis added).  <u>United States v. Ortega-Ascanio</u>, 376 F.3d at 883; <u>United States v. Davis,</u> 428 F.3d at 805; <u>United States v. Jones</u>, 472 F.3d at 1141.

Former Rule 11(e)(2) and current Rule 11(c)(2) require that the parties disclose a plea agreement in open court. The purpose of the disclosure is to permit the court to perform the Rule 11 colloquy.

A "package deal" is a plea bargain where the government will accept a defendant's guilty plea on condition that his co-defendant's will also plead guilty.  <u>United States v. Hodge</u>, 412 F.3d 479, 489 (3rd Cir. 2005).

When the court is informed of the existence of a package deal it is directed to make a "more careful examination" of the voluntariness of defendant's guilty plea.  <u>United States v. Caro</u>, 997 F.2d 657, 660 (9th Cir. 1993).  "Though package deal agreements are not per se impermissible, they pose an additional risk of coercion not present when the defendant is dealing with the government alone."  <u>Caro</u>, at 659.

"Familial or fraternal coercion . . . in package plea deals is a serious concern . . ."  <u>United States v. Hodge</u>, 412 F.3d at 489.

16

1    In this case, defendant, together with his brothers, was

2   offered and ultimately a accepted package deal.  See

3   defendant's Bakman and supplemental declarations.  See also

4   trial counsel's open court statement at Ex. 3 (R.T. 7-5-01

5   p.10).  The parties failed to disclose the "package deal".

6   Consequently, the court did not make the "more careful

7   examination" required, rendering defendant's guilty plea

8   involuntary, unknowing and unintelligent.

9   **F.   AT THE CHANGE OF PLEA COLLOQUY THE DISTRICT COURT DID NOT**

10       **INQUIRE SPECIFICALLY ABOUT PRIOR DISCUSSIONS BETWEEN THE**

11       **GOVERNMENT AND DEFENSE COUNSEL WHICH SERIOUSLY AFFECTED**

12       **THE FAIRNESS AND INTEGRITY OF THE PROCEEDING.**

13       "Fair and just reasons for withdrawal include

14   **inadequate Rule 11 colloquies,** newly discovered evidence,

15   intervening circumstances, or any other reason for

16   withdrawing the plea that did not exist when the defendant

17   entered his plea." (Emphasis added).  <u>United States v.</u>

18   <u>Ortega-Ascanio</u>, 376 F.3d at 883; <u>United States v. Davis,</u> 428

19   F.3d at 805; <u>United States v. Jones</u>, 472 F.3d at 1141.

20       At the time of defendant's guilty plea Rule 11(d)

21   mandated that the court:[10]

22           The Court shall not accept a plea of guilty . . .
            without first, by addressing the defendant
23           personally in open court, determining that the plea
            is voluntary and not the result of force or threats
24           or promises apart from the plea agreement.  <u>The</u>
            <u>court shall also inquire as to whether the</u>
25           <u>defendant's willingness to plead guilty . . .</u>
            <u>results from prior discussions between the attorney</u>
26           <u>for the government and the defendant or defendant's</u>

27   _____

28       [10]Rule 11(d) was amended in 2002 deleting the above language as
    "unnecessary".  Advisory Committee Notes. 2002 Amendments.

                                    17

attorney. (emphasis added)." <u>United States <em>v.</em></u>
<u>Jimenez-Dominquez</u>, 296 F.3d 863, 867 (9th Cir.
2002).

"The duty to inquire into discussions with the
government is designed to uncover any promises, or
understandings the defendant <u>thinks</u> he has with the
government which are premised upon formal or informal
communications and which may influence his decision to plead
guilty." (Emphasis added)  <u>United States <em>v.</em> Jimenez-</u>
<u>Dominquez</u>, 296 F.3d at 868.

Defendant must show that deviation from the Rule 11(d)
seriously affected the fairness or integrity of his plea.
<u>United States <em>v.</em> Jimenez-Dominquez</u>, 296 F.3d at 870.

While in most cases inquiry into "prior discussions"
might be "unnecessary", failure to do so in this case
seriously affected the fairness and integrity of defendant's
plea.  Questioning of counsel would have undoubtedly revealed
the existence of the "package deal".

**G.   EVIDENCE OF DEFENDANT'S LEGAL INNOCENCE IS A FAIR AND
JUST  REASON TO WITHDRAW HIS GUILTY PLEA**

A defendant's legal innocence is a "fair and just reason"
to withdraw a guilty plea whether or not the plea was
voluntary.  <u>Garcia</u>, supra, 401 F.3d at 1012 ("we have
recognized a claim of legal innocence as a 'fair and just'
reason for withdrawal of a plea") (citing <u>Ortega-Ascanio</u>, 376
F.3d at 883, 887).  In this case, the most compelling example
is Turscak's testimony of defendant's actual innocence

18

regarding the Easter shooting.

Defendant only learned, through his diligent efforts, that he had defenses to the charged crimes after he entered his guilty plea.  In this circumstance, no legitimate purpose is served by denying him his constitutional rights by holding him to a guilty plea that he entered because of mistake, inadvertence or the ineffective assistance of trial counsel. Ultimately, no legitimate policy of judicial administration is served by requiring a criminal defendant to live with his decision to plead guilty when he learns, before sentencing, that he has a defense to a crime.  A defendant's desire to withdraw his guilty plea under that circumstance is not a manipulation of the system, but an effort to avoid injustice. Defendant should be permitted his day in court to contest the the charges for which he has a valid defense, which was denied to him through no fault of his own.

<u>CONCLUSION</u>

For the reasons stated above defendant respectfully moves this court for an order granting his motion to withdraw his guilty and set the matter for trial.

DATED: June 30, 2008.

Respectfully submitted,

_____
Michael S. Meza
Attorney for Defendant
ALVIDREZ

19